UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SOBEL WESTEX, INC. d/b/a BALTIC LINEN, | No. 3:19-cv-5076 |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| YUSEN LOGISTICS (HONG KONG) LIMITED, EVERGREEN MARINE CORP. (TAIWAN) LTD., YANG MING MARINE TRANSPORT CORP., and OCEAN NETWORK EXPRESS PTE. LTD., | |
| Defendants. | |

Plaintiff Sobel Westex d/b/a Baltic Linen ("Plaintiff"), having filed a Verified

Complaint and motion for temporary restraining order seeking to compel Defendants Yusen

Logistics (Hong Kong) Limited ("Yusen"), Evergreen Marine Corp. (Taiwan) Ltd.

("Evergreen"), Yang Ming Marine Transport Corp. ("Yang Ming") and Ocean Network

Express Pte. Ltd. ("ONE") (together, "Defendants") to comply with Plaintiff's demand that

Defendants take no further action to ship goods consisting of 216,144 printed bath towels

valued at $644,983.68 (the "Goods") to Shopko Stores Operating Co., LLC ("Shopko"); the

Goods being identified in Yusen Logistics' Cargo Receipt No. SHK-SHA-1900003 and

being located: (a) in Container Nos. EGHU9107158, EMCU8055630, EMCU1382414, and HMCU9011937, currently believed to be in Evergreen's possession at its port facility in Tacoma, Washington; and (b) Container Nos. TCNU4809977, TGHU5257560, and BMOU6338208 currently on board Yang Ming's maritime vessel GLEN CANYON BRIDGE under way to Tacoma, Washington, under Bill of Lading W236190976, and Plaintiff having demonstrated by its Verified Complaint that if the requested injunctive relief is not granted, a serious risk exists that the Goods, valued at $644,983.68, will be delivered to Shopko, a bankrupt, or to third-party transferee(s) designated by Shopko, in violation of Plaintiff's right to withhold delivery of the Goods from Shopko (and/or its designees), and Plaintiff having demonstrated that such harm would be irreparable, given Shopko's bankruptcy and the serious risk that monetary damages would prove uncollectible, and Plaintiff having demonstrated that this Temporary Restraining Order should be granted without notice, to ensure that Defendants not take any action to deliver the Goods, or issue bills of lading for the goods, in violation of Plaintiff's rights, pending a response from Defendants or further hearing in this Court:

**IT IS HEREBY ORDERED THAT:**

Defendants, and each of them, are hereby restrained and enjoined, pending further Order of this Court, from:

(a) causing the Goods to be moved from Tacoma, Washington;

(b) causing the Goods to be delivered to Shopko or any nominee or transferee designated by Shopko, or any other party;

(c) issuing bills of lading or documents of title for the Goods; and

(d) arranging for or shipping the Goods to any person at any destination whatsoever.

**IT IS HEREBY FURTHER ORDERED** that this Temporary Restraining Order shall be immediately effective when issued, but is issued on the condition that a bond be

filed or a monetary deposit be made by Plaintiff with the Clerk of the Court (within 72 hours of the issuance of this Order) in the sum of ($ 25,000) United States Dollars, for payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully restrained or enjoined; and

**IT IS HEREBY FURTHER ORDERED** that Defendants file a response indicating whether they intend to comply with Plaintiff's stop order. Defendants may respond no later than Wednesday, January 30, 2019. Based on the response, or lack thereof, the Court will reassess whether injunctive relief of any form is necessary and whether a hearing for a preliminary injunction is necessary; and

**IT IS HEREBY FURTHER ORDERED** that Plaintiff shall serve copies of all papers filed with the Court and this Order on Defendants by email and overnight delivery.

Dated this 28th day of January, 2019.

BENJAMIN H. SETTLE
United States District Judge